# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VICTOR ESCALON,<br><br>Petitioner,<br><br>v.<br><br>K.V.S.P. WARDEN,<br><br>Respondent. | Case No. 1:19-cv-00722-LJO-SAB-HC<br><br>ORDER GRANTING IN PART RESPONDENT'S REQUEST FOR DISCHARGE OF ORDER REGARDING ORIGINAL PETITION AND REQUEST FOR SCREENING OF AMENDED PETITION<br><br>ORDER DISCHARGING ORDER TO FILE RESPONSE TO PETITION<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2254 FORMS<br><br>(ECF Nos. 6, 15) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On May 23, 2019, Petitioner filed a federal petition for writ of habeas corpus challenging his 2014 Fresno County conviction for first-degree murder on the grounds that: (1) the trial court

1

prejudicially erred by failing to sua sponte instruct on the lesser-included offense of attempted murder; and (2) the appellate court erred in affirming the judgment with respect to the lesser-included offense instruction. (ECF No. 1). On May 28, 2019, the Court ordered Respondent to file a response to the petition. (ECF No. 6).

On July 15, 2019, Petitioner filed a document entitled "Memorandum of Points and Authorities in Support of Answer to Order to Show Cause."[1] (ECF No. 11). Therein, Petitioner includes the following additional claims for habeas relief: (1) erroneous admission of prejudicial photographs; (2) prosecutorial misconduct; (3) erroneous admission of prejudicial predisposition evidence; (4) ineffective assistance of counsel; and (5) cumulative effects of errors. (ECF No. 11 at 2–3).[2]

On July 30, 2019, the Court granted Respondent's motion for extension of time to file an answer. (ECF Nos. 12, 13). On August 26, 2019, Respondent filed the instant request to: (1) discharge the order to respond to the original petition; (2) deem Petitioner's memorandum a proposed first amended petition and request to amend; and (3) screen the first amended petition and issue a new order to respond as appropriate. (ECF No. 15).

**II.**

**DISCUSSION**

Given that Petitioner's memorandum raises additional claims for habeas relief that were not included in the original petition, the Court construes the memorandum as a motion to amend the petition. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"); Castro v. United States, 540 U.S. 375, 381–82 (2003) (finding courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"); Woods v. Carey, 525 F.3d 886 (9th Cir. 2008) (holding that when a pro se petitioner files a new petition while an earlier petition is still pending, the district court should construe the new petition as a motion to amend the pending petition).

---

[1] The Court notes that no order to show cause has been issued in this matter.
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). The Ninth Circuit has held that "Federal Rule of Civil Procedure 15(a), which allows litigants to amend their pleadings once 'as a matter of course' before a responsive pleading has been filed, applies to habeas corpus actions." Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000). No responsive pleading has been filed yet in the instant case, and thus, Petitioner is entitled to amend his pleading once as a matter of course.

Respondent requests that the Court construe the memorandum not only as a motion to amend but also as a proposed first amended petition. (ECF No. 15 at 2). However, Rule 2(c)(5) of the Rules Governing Section 2254 Cases states that a petition must "be signed under penalty of perjury by the petitioner." Rule 2(d) further provides that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Here, although Petitioner signed the proof of service under penalty of perjury, Petitioner did not sign the memorandum under penalty of perjury as required by Rule 2(c)(5).

Based on the foregoing, the Court will construe Petitioner's memorandum as a motion to amend the petition but not as a proposed first amended petition.

**III.**

**ORDER**

Accordingly, the Court HEREBY ORDERS that:

1. Respondent's request for discharge of order regarding original petition and screening of amended petition (ECF No. 15) is GRANTED IN PART;
2. The order to respond (ECF No. 6) is DISCHARGED;
3. Petitioner is GRANTED leave to amend the petition;
4. Within **thirty (30) days** of the date of service of this order, Petitioner shall either:
    a. file a first amended petition that is signed under penalty of perjury and includes all his claims for habeas relief; **OR**
    b. file a notice of intent to rely on the original petition, which argued that (1) the trial

court prejudicially erred by failing to sua sponte instruct on the lesser-included offense of attempted murder, and (2) the appellate court erred in affirming the judgment with respect to the lesser-included offense instruction; and

5. The Clerk of Court is DIRECTED to send Petitioner blank § 2254 habeas forms.

IT IS SO ORDERED.

Dated: __**September 10, 2019**__                           _____
UNITED STATES MAGISTRATE JUDGE