# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VICTOR ESCALON,<br><br>Petitioner,<br><br>v.<br><br>K.V.S.P. WARDEN,<br><br>Respondent. | Case No. 1:19-cv-00722-LJO-SAB-HC<br><br>ORDER TO RESPOND TO FIRST AMENDED PETITION AND MEMORANDUM OF POINTS AND AUTHORITIES (ECF Nos. 11, 17)<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>ORDER TO ELECTRONICALLY FILE TRANSCRIPTS AND OTHER NECESSARY DOCUMENTS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 23, 2019, Petitioner filed a federal petition for writ of habeas corpus challenging his 2014 Fresno County conviction for first-degree murder on the grounds that: (1) the trial court prejudicially erred by failing to sua sponte instruct on the lesser-included offense of attempted murder; and (2) the appellate court erred in affirming the judgment with respect to the lesser-included offense instruction. (ECF No. 1). On May 28, 2019, the Court ordered Respondent to file a response to the petition. (ECF No. 6).

Despite no order to show cause having been issued, on July 15, 2019, Petitioner filed a document entitled "Memorandum of Points and Authorities in Support of Answer to Order to

Show Cause." (ECF No. 11). Therein, Petitioner included the following additional claims for habeas relief: (1) erroneous admission of prejudicial photographs; (2) prosecutorial misconduct; (3) erroneous admission of prejudicial predisposition evidence; (4) ineffective assistance of counsel; and (5) cumulative effects of errors. (ECF No. 11 at 2–3).[1]

On September 10, 2019, the Court discharged the order to respond to the original petition and granted Petitioner leave to file a first amended petition that includes all his claims for habeas relief. (ECF No. 16). On September 23, 2019, Petitioner filed the First Amended Petition ("FAP"). (ECF No. 17).

Rule 2(c) of the Rules Governing Section 2254 Cases states that a petition must, *inter alia*: "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." In the FAP, Petitioner raises the following claims for relief: (1) the trial court prejudicially erred by failing to sua sponte instruct on the lesser-included offense of attempted murder; (2) erroneous admission of prejudicial photographs; (3) prosecutorial misconduct; and (4) erroneous admission of prejudicial predisposition evidence. (ECF No. 17 at 4–5). Petitioner provides facts supporting his claim that the trial court erred by failing to sua sponte instruct on attempted murder, but the FAP does not state facts supporting the remaining claims for relief.

However, the "Memorandum of Points and Authorities in Support of Answer to Order to Show Cause" provides allegations and arguments in support of the three remaining claims for relief specified in the FAP. Accordingly, the Court will construe the "Memorandum of Points and Authorities in Support of Answer to Order to Show Cause" as a Memorandum of Points and Authorities in support of the FAP. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"); Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) ("[T]he district court must construe pro se habeas filings liberally.").

Having conducted a preliminary review of the FAP and the Memorandum of Points and Authorities, it is not clear whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court HEREBY ORDERS:

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

1. Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE a RESPONSE to the First Amended Petition (ECF No. 17) and the Memorandum of Points and Authorities (ECF No. 11). See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-74 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

   A. AN ANSWER addressing the merits of the First Amended Petition. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

   B. A MOTION TO DISMISS the First Amended Petition.

2. Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the First Amended Petition. See Rule 5(c), Rules Governing Section 2254 Cases. **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**

3. If Respondent files an Answer to the First Amended Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the First Amended Petition and Answer are deemed submitted at the expiration of the thirty days.

4. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date Respondent's Motion is filed with the Court. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the Opposition is served. The Motion to Dismiss will be deemed submitted **TWENTY-EIGHT (28) days** after the service of the Motion or when the Reply is filed, whichever

comes first. See Local Rule 230(l).

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated: **October 9, 2019**

UNITED STATES MAGISTRATE JUDGE